FORTIS, PETITIONER AND APPELLANT, *v.* FORTIS, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Ponce in a Proceeding for the Appointment of an Administrator.

No. 1513.—Decided March 29, 1917.

ADMINISTRATOR—DECLARATION OF HEIRS—EVIDENCE.—It was alleged in the petition that the petitioner was the legitimate daughter of her predecessor in

interest. This was denied by one of the heirs and admitted by the others. The petitioner and the contestant introduced their evidence on this point without objection. The court, which had jurisdiction of the subject-matter and of the parties, dismissed the petition for the appointment of an administrator on the ground that the petitioner had failed to establish satisfactorily her status as such legitimate daughter. *Held:* That although in cases of intestate successions application should be made generally to a court of jurisdiction for a declaration of heirs in the manner provided for by law before making application for the appointment of an administrator, in the circumstances of the present case the proceedings followed were not void. It was further held, after examining the evidence, that it was sufficient to establish the claim of the petitioner that she was such legitimate daughter.

ID.—CIVIL REGISTRY—CERTIFICATE OF BAPTISM—EVIDENCE.—A person having been born prior to the creation of the Civil Registry in Porto Rico and it having been shown that he is unable to produce his certificate of baptism, due to the destruction by fire of the records containing the same, proof of his birth may be supplied by oral evidence under the provisions of section 320 of the Revised Civil Code.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for the appellant.

*Messrs. José* and *Manuel Tous Soto* for the contestant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a proceeding for the appointment of an administrator. Francisca Fortis Estrella filed a verified petition in the District Court of Ponce, alleging, in synopsis, that she was more than sixty years of age and the legitimate daughter of José Fortis and Josefa Ortiz de la Estrella y Torres; that the certificates of her birth and baptism were recorded in the parish church of Barros which was destroyed by fire and all its records reduced to ashes; that her said mother died on November 3, 1894, in Barros, where she last resided and where all of her property was situated, including an estate of 305 *cuerdas* of land, as described in the petition, and a large number of cattle and horses; that all of the property is in the possession of one of the heirs, José Ventura Fortis, who seized it and has refused to distribute it; that before her marriage her said mother had two acknowledged natural children named Petronila and José María Escalera y Estrella, and during her marriage she had six children

named Josefa Antonia, Obdulia, José Ventura, Manuel, Josefa
Petronila and the petitioner; that at the time of her said
mother's death there was no notary in Barros and from the
searches made in the neighboring towns and the investigations
practised by the petitioner she is of the opinion that her said
mother died instestate.   The petition recites that some of the
children died, designating specifically the present heirs, and
concludes with a prayer that the court appoint an adminis-
trator, pursuant to section 26 of the Special Legal Proceed-
ings Act, and adopt such other measures as the case may
require.

    The court ordered that the heirs be summoned to appear
at the hearing required by law and one of them, José Ventura
Fortis, opposed the appointment of an administrator, (1) be-
cause it is not true that the petitioner is a legitimate daugh-
ter; (2) because it is not true that Josefina Ortiz de la Es-
trella owned at the time of her death the property indicated,
for it belonged to the contestant; (3) because it is not true
that Antonia Teresa, Obdulia and Petronila are the legitimate
daughters of Josefa Ortiz de la Estrella, or that Petronila
and José M Escalera are her natural children; (4) because
there is no evidence of the relationship of the petitioner "and
other participants" with Josefa Ortiz de la Estrella; and
(5) because the court had denied, as not sanctioned by law,
another petition for the administration of the estate of Jo-
sefa Ortiz de la Estrella.

    This being the status of the case, the petitioner and all
other interested persons appeared before the district court
by their attorney, the contestant appearing by another, and
evidence was examined regarding the facts alleged in the
petition.

    The evidence of the petitioner was as follows: (1) A cer-
tificate of the death of Josefa Ortiz de la Estrella, which oc-
curred on November 3, 1894; (2) the certificate of her mar-
riage to José Fortis on June 10, 1846;   (3, 4, 5, 6 and 7)
certificates of the deaths of José Manuel Fortis, José Fortis

Rivera, María del Carmen Fortis Rivera, Petronila Fortis, and José María Escalera y Estrella; (8) an affidavit of the parish priest of Barros attesting that "on account of a fire which took place on June 15, 1875, the archives of the said parish were totally destroyed and therefore all the books containing the records of baptisms were completely destroyed, there remaining no record relative to baptisms before that date, but only a book with some notes made according to an investigation by the parish priest"; (9) a memorandum relating to the baptism in Barros of Josefa Antonia Fortis, legitimate daughter of José Fortis and Josefa Ortiz de la Estrella, born on August 9, 1856; (10) a certificate of baptism of Petronila María, natural daughter of Josefa Ortiz Estrella, born on July 14, 1839, with a memorandum that she had been acknowledged by Tomás Escalera "this eighth day of September, 1861"; (11) a memorandum relating to the baptism in Barros of Juan José María Ortiz, natural son of Josefa Ortiz de la Estrella, born on June 15, 1841; (12) a certificate of baptism of José Manuel Fortis, natural son of José Fortis and Josefa Ortiz de la Estrella, born on April 15, 1844; (13) a certificate of baptism of José Ventura Fortis (the contestant), natural son of José Fortis and Josefa Estrella, born on September 29, 1845; (14) a memorandum referring to the baptism in Barros of Josefa Petronila Fortis, legitimate daughter of José Fortis and Josefa Ortiz de la Estrella, born on January 29, 1855; (15) a copy of an instrument executed in 1888 by the heirs and legatees of J. S. Arroyo in which a certain reference is made to a property of 305 *cuerdas* of land sold by Arroyo to Josefa Ortiz de la Estrella; (16) a certificate of the secretary of the Municipality of Barros attesting that from 1862 to 1899 Josefa Ortiz de la Estrella figured as a taxpayer on 200 *cuerdas* of land, and that from 1899 José Ventura Fortis paid the taxes on the same land; (17) several tax receipts; (18) the testimony of Petronila Escalera who said, among other things, that "she knows Francisca Fortis Estrella (the petitioner),

and is her sister, Francisca being the legitimate daughter of José Fortis and Josefa Ortiz Estrella; that witness is an acknowledged natural daughter   *   *   *; that when Francisca was born witness was about seven years of age; that she cannot remember the date of her birth but knows that she is her sister; that witness lived with her father at that time; that at that time her mother's husband was in the island and she used to see him, but it appears that he had to remain incognito for they wanted to put him in jail''; (19) the testimony of Josefa Antonia Fortis who said, among other things, that ''she is fifty-six years of age and is the legitimate daughter of José Fortis and Josefa Ortiz de la Estrella y Torres; that she knows Francisca Fortis Estrella (the petitioner) because she is her sister; that her mother had ten children: first Petronila and José María Escalera, then José Manuel, José Ventura, José Isaías, who died, Francisca, Petronila and the witness, who were twins; Pepe, who died at the age of ten years, and, finally, Obdulia''; (20) the testimony of Domingo Fortis, son of José Manuel and grandson of Josefa Ortiz de la Estrella, who said that he is the nephew of Francisca Fortis (the petitioner); and (21) the testimony of Nemesio Meléndez, widower of María Fortis, the daughter of José Manuel, who testified regarding the estate of Josefa Ortiz de la Estrella. The statement of the evidence introduced by the petitioner concludes as follows: ''The contestant, José Ventura Fortis, was officially summoned by the petitioner to appear as a witness, but did not do so.''

The evidence of the contestant consisted of the record of an action of unlawful detainer brought by Carmen, Isabel, Josefa and Pedro Arroyo against José Ventura Fortis. The plaintiffs sought to evict the defendant from a property of 305 *cuerdas* of land, 200 of which were situated in Botijas ward of Barros. The defendant answered that ''personally and through his predecessors in interest he had been in the possession and enjoyment of the said property for more than forty years as sole and lawful owner, and that his possession

had never been disturbed or interrupted." On October 3, 1907, the court dismissed the complaint with the costs against the plaintiffs. There was introduced in evidence in the said action a certificate of the death of José Sabino Arroyo, copy of the will of the same, a certificate of the death of Josefa Ortiz Estrella, the record of a possessory title proceeding brought by Petronila Fortis Estrella, sister of the defendant, and a copy of an instrument of protocolization of the partition of the estate of José Sabino Arroyo. The contestant also introduced several tax receipts issued in his name from the year 1901, and the record of a proceeding showing that on August 15, 1895, Solicitor Gauthier, in the name of Petronila Fortis, applied for a designation of the heirs of Josefa Ortiz de la Estrella in favor of her children Petronila María Escalera, Juan José María, José Manuel, José Ventura and Josefa Petronila. The court held that in view of the difference in the name of one of the heirs his certificate should be corrected separately. The solicitor alleged that the certificate of Juana Fortis had been destroyed by a fire which destroyed the parochial archives of Barranquitas. On August 27, 1896, the *fiscal* pleaded that it was sought to obtain a designation of heirs and the certificates presented were deficient and contradictory, "and that those appearing on pages 10, 12 and 14 were useless, considering besides the circumstance that, as stated in the one on page 3, Josefa Fortis Estrella while married to José Fortis, whose domicil is unknown, had three children by him while he was in this island and four after he was absent, which makes it necessary to clear up the doubt as to whether these last children, not being legitimate or natural children, will have any intestate hereditary rights, or only those conferred by articles 139 and 140 of the Civil Code. It is imperative that all the foregoing be first decided in a concrete and conclusive manner, *ad perpetuam*, after which the proceeding to obtain the desired designation of heirs can be instituted." The record contains nothing more.

Such, in synopsis, were the pleadings and the evidence in this case; and, based thereon, the District Court of Ponce, on March 1, 1916, denied the petition for the appointment of an administrator in all its parts, because, in its opinion, it was not proved satisfactorily that the petitioner was the legitimate daughter of José Fortis and Josefa Ortiz Estrella. Thereupon the petitioner took the present appeal.

The appellant contends that the trial court erroneously construed section 23 of the Act relating to special legal proceedings; abused its discretion in harmonizing the evidence, and erred in not finding that the petitioner had been satisfactorily shown to be the legitimate daughter of Josefa Ortiz Estrella. The appellee maintains that inasmuch as the petitioner failed to show that she was a designated heir of Josefa Ortiz Estrella, she had no right even to apply for the administration of her estate, according to the jurisprudence laid down by this court in the case of *Sabater* v. *Escudero,* and that it is manifest from an examination of the evidence that the petitioner did not prove her alleged status of legitimate child.

In the case of *Sabater* v. *Escudero,* cited by the appellee, this court expressed itself as follows:

"The petition of Carlos Sabater does not conform to the provisions of section 23 of the Special Legal Proceedings Act because it is deficient in that it fails to set forth the particulars necessary to the end sought, as required by the said section. It does not prove the death of Juanita Sabater or that the petitioner, the seven brothers mentioned and the surviving husband are heirs at law of the deceased.

"In cases of intestate succession a designation of heirship should be obtained from the district court having jurisdiction, upon compliance with the formalities prescribed by Chapter III, Title I, of the said act. When recourse is had to the Special Legal Proceedings Act for the purpose of obtaining judicial administration, the personal right of the petitioner should be established clearly; for the object of such proceedings is not to declare rights but only to obtain the judicial administration of the property of the person entitled to inherit in view of a clear and admitted right. *Puente* v. *Puente,*

16 P. R. R. 556; *Rivera* v. *Cámara,* 17 P. R. R. 503.'' *Sabater* v. *Escudero,* 23 P. R. R. 794.

As may be seen, this court is of the opinion that in cases of intestate successions recourse must be had to the courts of jurisdiction for the purpose of obtaining a designation of heirship, following the formalities prescribed by law. That is the logical procedure. By following it the law is strictly complied with and future difficulties are avoided. But this does not mean that proceedings for judicial administration, without first obtaining a designation of heirship, are null and void for failure to comply with said requirement in the circumstances of the present case, circumstances which were lacking in the case of *Sabater* v. *Escudero* as well as in the cases of *Puente* v. *Puente* and *Rivera* v. *Cámara.* It was alleged in the petition that the petitioner was the legitimate daughter of Josefa Ortiz Estrella. One of the heirs denied that allegation. The others admitted it. The petitioner and the contestant were allowed to introduce their evidence and no objection was made to the proceeding by any one. In such circumstances it would be really unjust to remand this case to the district court in order that, by simply changing the title, there should be a virtual repetition of what was already done in the court and what it considered decided with undisputed jurisdiction over the subject-matter and the parties. As precedents for this opinion we cite the cases of *Morales* v. *Landrau,* 15 P. R. R. 761, and *Soriano* v. *Rexach,* 23 P. R. R. 531.

Let us examine the evidence. The appellee contends that as the birth of a person is one of the acts which should be entered of record in the civil registry, the petitioner should have presented the proper certificate issued by the officer in charge of the registry in proof of her birth.

In fact, section 320 of the Revised Civil Code provides that the records in the registry shall be evidence of the civil status, but it also provides that that evidence may be supplied by other evidence when such records have never existed, or the

books of the registry have disappeared, or when a litigation is instituted before the courts. The first of these exceptions is applicable to the present case, inasmuch as it clearly appears from the verified petition and from the evidence introduced that the petitioner was born before the civil registry was established in Porto Rico.

The baptismal certificate could not be introduced because of a fire which destroyed the archives, of which it is claimed to have formed a part, and, therefore, it was necessary to resort to oral testimony. Perhaps this testimony might have been clearer and more exact, but as it is it seems to us to be sufficient.

Only the brother who is charged with having retained possession of all the estate denies that the petitioner is the legitimate daughter of Josefa Ortiz de la Estrella. And upon being summoned to testify before the court at the instance of the petitioner, that brother failed to appear. All the other heirs admit the status of the petitioner and we have already seen that two of her sisters, one natural and the other legitimate, expressly testified that the petitioner is the legitimate daughter of José Fortis and his wife, Josefa Estrella.

The evidence of the defendant shows nothing specific. He merely introduced evidence of certain facts tending to show that there was something abnormal in the Fortis-Estrella marriage and that there had been difficulties in connection with the settlement of the estate of Josefa Ortiz Estrella. She had two natural children before her marriage. Later she cohabited, first unlawfully and then lawfully, with José Fortis. During her unlawful cohabitation she had two children by Fortis, one of whom is the contestant, who was legitimatized by the subsequent marriage of his parents, and during her lawful marriage she had several other children, among them the petitioner.

In the record of the proceedings to obtain a designation of heirship, which was offered in evidence by the contestant, the *fiscal* insinuated that Fortis was absent and that his wife

had several children during his absence. That insinuation is not sufficient. Moreover, the abnormal situation was explained by Petronila Escalera who, in her testimony, said that although Fortis was in hiding because of the attempt to imprison him, in point of fact he was always near his wife and lived with her at the date of the birth of the petitioner.

In view of all the foregoing, we are of the opinion that the judgment appealed from should be reversed and the case remanded to the court of its origin for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey dissented.